UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER B. MARTIN,<br><br>                 Plaintiff,<br><br>v.<br><br>JOSH TEWALT,<br><br>                 Defendant. | Case No. 1:24-cv-00241-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Walter B. Martin (Plaintiff) filed a prisoner *in forma pauperis* complaint that is subject to screening. Dkt. 1. The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint and Affidavit, the Court issues the following Order dismissing the Complaint with leave to amend.

REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Under Rule 8 and 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## 2. Causes of Action and Remedy Requested

Plaintiff sues Idaho Department of Correction (IDOC) Director Josh Tewalt. He asks the Court issue an "order of discharge from confinement." Dkt. 1 at 1. The United States Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action.

Plaintiff also appears to request that the Court issue a writ of mandamus to the state and county government officials. The Court "lacks jurisdiction to issue a writ of mandamus to a state court." *Demos v. U.S. Dist. Court, E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651). The Seventh Circuit has described the history of mandamus as follows:

> The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," including writs of mandamus, although these courts have no general power to issue such writs. The Act does not enlarge our jurisdiction. We can issue mandamus against a state judicial officer; until superseded by the writ of habeas corpus ad testificandum, mandamus was commonly used to order state prison wardens to permit inmates to attend federal habeas corpus hearings. But we cannot, as a general rule anyway . . . use our power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction.

*In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (internal citations omitted) (denying petition for writ of mandamus that asked federal court to order state court to give petitioner access to certain trial transcripts). Accordingly, this Court has no authority to issue a writ of mandamus or other extraordinary writ to require state or county courts, judges, or officials to act or refrain from acting.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Plaintiff also asserts claims of negligence. Dkts. 1 at 12-17, 1-2. A constitutional tort requires that the plaintiff show that the state actor deliberately, intentionally, or recklessly caused the deprivation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1445 n.13 (9th Cir. 1991) ("deliberate indifference" is conduct intended to harm, or conduct that "was so reckless as to be tantamount to a desire to inflict harm."). Gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327 (1986).

While this Court can hear state negligence claims where a plaintiff has alleged an anchoring federal civil rights claim that is related to the state negligence claims,[1] here, Plaintiff has stated no cognizable federal claim upon which he can proceed. Therefore, state negligence claims may instead be brought in state court.

Plaintiff also may be asserting claims for monetary damages against Defendant or against other state or county entities or actors whom he sued in state court. Because Plaintiff appears to be asserting that he is wrongfully imprisoned and that his Idaho criminal conviction should be "discharged" (Dkt. 1-3 at 7), a threshold question is whether this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck v. Humphrey*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first

---

[1] Title 28 U.S.C. § 1367(a) provides that a district court may exercise supplemental jurisdiction over state law claims that are so related to claims over which the court is exercising original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution."

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*.

It appears that Plaintiff's civil rights case is presently barred by *Heck v. Humphrey*, because Plaintiff is alleging a wrongful conviction. Therefore, this case is subject to dismissal without prejudice, which means it could be brought again when procedurally proper to do so. If, in the future, Plaintiff's conviction is vacated or called into question by issuance of a federal writ of habeas corpus, he may pursue his civil rights claims. Until that time, the claims are premature and non-cognizable.

### 3. Conclusion

The factual and legal bases of Plaintiff's claims are unclear. The claims that are somewhat discernable are barred for the reasons set forth above. The Court will dismiss the Complaint without prejudice for failure to state a federal claim upon which relief can be granted, but it will provide him with an opportunity to file an amendment if he desires. Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original pleading.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

### 4. Instructions for Amendment

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. An amended complaint must state the "who, what, where, when, why, and how" of each claim.

For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed, and it should be clearly designated as a "Amended Complaint."

Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Clerk of Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff fails to file anything further in this matter, his Complaint will be dismissed without prejudice.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

## OTHER PENDING MOTIONS

Plaintiff has filed several motions, which the Court will deny as moot because he is not entitled to proceed with his causes of action. Because the Court must authorize a prisoner civil rights action to proceed, and the Court has not yet done so, Plaintiff is not entitled to seek summary judgment, by default or upon the merits. Defendant has not yet been served or waived service of process. Default judgment or summary judgment is not possible until a Defendant has been served or returned a waiver of formal service of process.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint (Dkt. 1) is DISMISSED without prejudice for failure to state a federal claim upon which relief can be granted.

2. Plaintiff's Motion to Review (Dkt. 4) is DENIED.

3. Plaintiff's Motion to Compel Obedience (Dkt. 5) is DENIED.

4. Plaintiff's Motion re: Demand Letter (Dkt. 6) is DENIED.

5. Plaintiff's Motion for Summary Judgment (Dkt. 7) is DENIED.

6. Plaintiff's Motion to Compel (Dkt. 8) is DENIED.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

7. Plaintiff's Motion for Commencement of Prosecution for Felonies (Dkt 10) is DENIED.

8. Plaintiff may file an amended complaint within 30 days. If he does not, judgment will be entered and this case will be closed.

DATED: November 4, 2024

B. Lynn Winmill
U.S. District Court Judge