UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER B. MARTIN,<br><br>                Plaintiff,<br><br>v.<br><br>JOSH TEWALT,<br><br>                Defendant. | Case No. 1:24-cv-00241-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      In response to the Initial Review Order dismissing this case without prejudice for failure to state a federal claim upon which relief can be granted (Dkt. 11), Plaintiff Walter B. Martin (Plaintiff) filed an Amended Prisoner Civil Rights Complaint. Dkt. 12.

      Plaintiff was informed that release from incarceration is not an available remedy in a § 1983 action. In the Amended Complaint, Plaintiff again requests "discharge release from custody." Dkt. 12 at 59. When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

      The Court also informed Plaintiff that negligence was not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiff again states the basis for his claims are "negligence, breach of contracts,

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

professional malpractice, theft criminal/civil." These are state law causes of action. None of his allegations shows he has a cognizable federal claim that would anchor any of his state causes of action.[1]

In the Amended Complaint, Petitioner states that the Idaho Uniform Post Conviction Procedure Act applies to this action. He cites various other Idaho statutes and rules. Parts of his Amended Complaint have a heading of "In the District Court for the First Judicial District for the State of Idaho, in and for the County of Kootenai." Dkt 12 at 33. He attaches documents that were filed in Kootenai County Case No. CV-28-21-5828. Although Plaintiff also cites § 1983, no facts support a federal basis upon which he can proceed, and his numerous state law citations show that his claims are state, not federal, claims.

Plaintiff has not corrected the deficiencies in his pleadings. The Court will dismiss the Amended Complaint without prejudice for failure to state a federal claim upon which relief can be granted. No further opportunities to amend will be granted. A dismissal "without prejudice" in federal court does not impair Plaintiff's ability to bring his state law claims in state court.

---

[1] Title 28 U.S.C. § 1367(a) provides that a district court may exercise supplemental jurisdiction over state law claims that are so related to claims over which the court is exercising original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution."

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Amended Complaint (Dkt. 12) is DISMISSED without prejudice for failure to state a federal claim upon which relief can be granted.

2. Plaintiff's Motion to Appoint Counsel (Dkt. 13) is DENIED.

3. Plaintiff's Motion to Shorten Time to Review Complaint (Dkt. 14) is GRANTED in part with issuance of this Order.

DATED: February 3, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**